IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM RANDY KNOTT,                )<br>                                                           )<br>                     Plaintiff,           )<br>                                                           )<br>         v.                                             )<br>                                                           )<br>HARDSTAAL USA, Inc.,              )<br>                                                           )<br>                     Defendant.        )<br>                                                           ) | 4:06CV3201<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on defendant's motion for summary judgment, Filing No. 34, pursuant to Fed. R. Civ. P. 56 on the basis that there is no genuine issue of material fact and defendant is entitled to summary judgment on the plaintiff's claims of negligence as a matter of law. Plaintiff opposes this motion. Filing No. 41. Plaintiff filed an amended complaint alleging negligence against defendant, and defendant contends it is entitled to summary judgment for the reason that plaintiff assumed the risk of injury in this case. The court has carefully reviewed the record including the deposition testimony and the relevant law and concludes the motion for summary judgment should be denied.

## STANDARD OF REVIEW

      On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995)*.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings, but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are viewed in the light most favorable to the nonmoving party, "in order to defeat a motion for summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not

weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

## DISCUSSION

Plaintiff is a resident of Kansas. Defendant is a resident of Nebraska. On August 21, 2003, plaintiff alleges he was working for his employer TFC out of Kansas and was delivering large steel I-beams to the defendant's manufacturing facility in Decatur, Nebraska. On that date employees of the defendant allegedly negligently unloaded and stacked the steel I-beams from plaintiff's truck. As plaintiff walked between his truck and the I-beams, the I-beams fell striking plaintiff's left tibia, left fibula, left ankle and caused lacerations, abrasions and contusions. Filing No. 23. Plaintiff alleges the damages were caused by defendant's failure to properly supervise, stack, unload, pile and secure, and failure to warn. Plaintiff alleges defendant is liable for all the acts of its employees. Plaintiff sustained medical losses to date in the amount of $8,000, will continue to sustain medical expenses, has sustained and will continue to sustain loss of earning capacity, has incurred past pain, and will incur future pain and disability. Plaintiff brings this action for and on behalf of this employer and its workers' compensation carrier in accordance with K.S.A. § 44-504(c).

Defendant files its summary judgment alleging plaintiff knew and fully understood the danger but voluntarily exposed himself to the risk that caused his damages. Plaintiff carried 40,000 pounds of steel I-beams on his truck. He backed them into defendant's warehouse and then unhooked the chains from the driver's side of the truck. Defendant's employees then stacked the steel beams approximately three to four beams high. After his trailer was unloaded, plaintiff walked between the trailer and the beams to take the chains and secure the remainder of the load. Defendant alleges plaintiff knew the beams were unstable and might fall but chose to walk next to them anyway. While securing the chains, some of the beams fell striking the plaintiff. Defendant argues plaintiff knew the specific risk and chose to take that chance. Further, plaintiff could have taken the chains over the top of his truck and avoided the risk, argues defendant.

Plaintiff disagrees and argues that there is no testimony regarding the proper methods for stacking steel, there is no testimony that he knowingly assumed a known risk, or that he voluntarily exposed himself to a known danger. At most, plaintiff testified that the steel beams did not look very secure. Further, he did not testify that pulling the chains over the truck was a safer way of securing the beams on his truck. Further, plaintiff alleges that defendant's employees, in particular Phillip Forrester, testified by deposition that he believed the steel beams to be stacked and steady. Forrester Dep. 77:18-22, 78:6-9, 77:23-78:1, 78:10-13, 97:1-2.[1]

---

[1] The court wishes to note that plaintiff failed to attach this deposition to his pleadings. Because there is sufficient evidence in the deposition of the plaintiff to create a material fact for trial, this failure to file is not fatal to plaintiff's opposition. However, plaintiff is cautioned in the future to file appropriately supporting documents.

Under Nebraska law, the legislature has recognized assumption of risk. Neb. Rev. Stat. § 25-21,185.12 states:

> Assumption of risk is an affirmative defense. Assumption of risk shall mean that (1) the person knew of and understood the specific danger (2) the person voluntarily exposed himself to the danger and (3) the person's injury of death or the damage to property occurred as a result of his or her exposure to the danger.

The burden is on the defendant to establish these elements. *Everts v. Hardcopf-Bickley*, 595 N.W.2d 911, 914 (Neb. 1999). The dangers must be known and not just the possibility of risk must exist. *Pleiss v. Barnes*, 619 N.W.2d 825, 829 (Neb. 2000). Further, one cannot assume the risks of an unknown or hidden danger. *Winslow v. Hammer*, 527 N.W.2d 631, 638 (Neb. 1995). The court finds there are disputed facts as to whether the plaintiff specifically and subjectively knew of this danger and whether he voluntarily exposed himself to that danger. In addition, defendant's own employee will apparently testify that the load appeared safe. Accordingly, the court finds there are material facts and will deny summary judgment.

THEREFORE, IT IS ORDERED that defendant's motion for summary judgment, Filing No. 34, is denied.

DATED this 5th day of December, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge